IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA HARPER, | : |
| Plaintiff | : Civil Action No. |
| vs. | : JURY TRIAL DEMANDED |
| ANTHONY MISITANO and POST ACUTE MEDICAL, LLC, | : |
| Defendants | : (Electronically Filed) |

## COMPLAINT

Plaintiff, Sara Harper, by and through her attorneys, Bruce J. Phillips, Esquire and Joseph J. Mashinski, Esquire, files this, her Complaint, against Defendants, Anthony Misitano and Post Acute Medical, LLC, and in support thereof avers as follows:

### PARTIES

1. That, Plaintiff, Sara Harper, is an adult individual who resides at 4882 Pleasant Valley Road, Harrisonburg, Rockingham County, Virginia 22801.

2. That, Defendant, Anthony Misitano, is an adult individual and has as his principal address 3500 Market Street, Camp Hill, Cumberland County, Pennsylvania 17011.

3. That, Defendant, Post Acute Medical, LLC, is a duly incorporated Pennsylvania corporation and has as its principal address 3500 Market Street, Camp Hill, Cumberland County, Pennsylvania 17011.

## JURISDICTION

4. That, this action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq.

5. That, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00.

## FACTS

6. That, Plaintiff had been continuously employed by Post Acute Medical, LLC as an Executive Assistant/Office Coordinator from the time of November 21, 2012, until the time of March 24, 2014.

7. That, at all times material to this Complaint, Anthony Misitano was the Owner and President/Chief Executive Officer of Post Acute Medical, LLC and directed the operations of Post Acute Medical, LLC.

8. That, at all times material to this Complaint, Misitano was the supervisor of Plaintiff.

9. That, during the course of Plaintiff's employment with Post Acute Medical, LLC, Misitano subjected Plaintiff to unwelcome sexual harassment, which harassment was based on Plaintiff's sex.

10. That, during the course of Plaintiff's employment with Post Acute Medical, LLC, Misitano repeatedly engaged in a course of sexually harassing acts toward Plaintiff, which acts were physical, verbal, and written in nature.

11. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly requested that Plaintiff hug Misitano.

12. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly hugged Plaintiff and refused to let her go.

13. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly touched Plaintiff's hair, neck, shoulders, stomach, and thighs.

14. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly asked Plaintiff to fix his computer, without moving his chair, which forced Plaintiff to almost sit on Misitano's lap in order to complete the repairs.

15. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly asked Plaintiff to proofread work on his computer, without moving his chair, which forced Plaintiff to almost sit on Misitano's lap in order to complete the proofreading.

16. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly required Plaintiff to stand and kneel in front of him while he would comment, smell, and touch Plaintiff and would not move away.

17. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly tried to hand-feed Plaintiff food and told Plaintiff, "You think this is sexual, don't you?".

18. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly tried to hand-feed Plaintiff food and when Plaintiff refused, Misitano would call her "stubborn", "hardheaded", and "weird" in the presence of co-workers.

19. That, from the time of January 1, 2013, through the time of March 24, 2014, Misitano repeatedly told Plaintiff, "If you don't feel comfortable with me touching you, I don't feel comfortable in having you around.".

20. That, in the Spring, 2013, Misitano repeatedly texted Plaintiff, accusing her of being out all night partying with men and flirting with the hotel's event coordinator.

21. That, in the Spring, 2013, Misitano texted Rob, a co-worker, and Plaintiff regarding Rob's office within the workplace, stating, "Rob, you're underneath her. That's the place to be.".

22. That, from the time of mid-2013, through the time of March 24, 2014, Misitano repeatedly asked Plaintiff to tell him that she loved him.

23. That, from the time of September 1, 2013, through the time of November 6, 2013, Misitano would put Plaintiff in a headlock; twist her arm; and say, "Now I could have my way with you.".

24. That, in February and March, 2014, Misitano repeatedly asked Plaintiff to kiss him on the cheek.

25. That, in March, 2014, and on other occasions, Misitano told Plaintiff that he loved her.

26. That, on or about August 28, 2014, Misitano sent an email and video to Plaintiff, both of which were of a sexually explicit nature.

27. That, from the time of November 6, 2013, through the time of March 24, 2014, Misitano repeatedly made harassing, verbal threats to Plaintiff.

28. That, subsequent to Plaintiff leaving her position of employment with Post Acute Medical, LLC, Misitano repeatedly sent emails of a harassing and threatening nature to Plaintiff in order to induce Plaintiff to return to her position of employment with Post Acute Medical, LLC and to deter Plaintiff from pursuing her legal rights against Defendants.

29. That, on December 8, 2013, Plaintiff complained to Waynea Finley, Director of Human Resources of Post Acute Medical, LLC, about Misitano sexually harassing her within the workplace and at her home.

30. That, Misitano in his capacity as Owner and President/Chief Executive Officer of Post Acute Medical, LLC and supervisor of Plaintiff, was advised of Plaintiff's complaints regarding him.

31. That, subsequent to the time of December 8, 2013, Misitano threatened to demote Plaintiff and repeatedly told Plaintiff how stupid it was to complain to Human Resources regarding his conduct.

32. That, on January 29, 2014, Misitano terminated Plaintiff from her position of employment, only to reinstate her several hours later.

33. That, on March 24, 2014, Plaintiff was forced to resign from her position of employment.

## COUNT I

### SARA HARPER
### v.
### ANTHONY MISITANO and POST ACUTE MEDICAL, LLC

### SEXUAL HARASSMENT

34. That, Plaintiff incorporates herein by reference Paragraphs 1 through 33 hereof as if the same were set forth fully at length herein.

35. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, was part of a continuing and ongoing series of sexually harassing acts toward Plaintiff, which acts were physical, verbal, and written in nature.

36. That, all of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, was unwelcome and sexual in nature and was unrelated to Plaintiff's job performance or work assignment.

37. That, the unwelcome sexual harassment of Plaintiff by Misitano was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and create an intimidating, hostile, and offensive work environment.

38. That, Plaintiff reported the unwelcome sexual harassment by Misitano to the Director of Human Resources of Post Acute Medical, LLC.

39. That, despite the Plaintiff's complaint to the Director of Human Resources of Post Acute Medical, LLC, Post Acute Medical, LLC failed to undertake any action regarding the unwelcome sexual harassment and the intimidating, hostile, and offensive work environment persisted.

40. That, Post Acute Medical, LLC did not have a policy in place and did not otherwise undertake corrective measures available in order to abate the unwelcome sexual harassment directed by Misitano toward Plaintiff.

41. That, despite Plaintiff's complaint to the Director of Human Resources of Post Acute Medical, LLC and her attempts to avoid the unwelcome sexual harassment by her supervisor, Misitano, the intimidating, hostile, and offensive work environment persisted and Plaintiff was significantly and detrimentally affected, causing great emotional upset.

42. That, Post Acute Medical, LLC knew and/or should have known of the unwelcome sexual harassment, but failed to take prompt and remedial measures to abate same.

43. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, the work environment became completely intolerable to Plaintiff, causing Plaintiff to cease working with Post Acute Medical, LLC from the time of March 24, 2014, up to and including the time of the present.

44. That, the actions of Defendants resulted in the constructive discharge of Plaintiff from her position of employment with Post Acute Medical, LLC from the time of March 24, 2014, up to and including the time of the present.

45. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff sustained a loss of income from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future, for which claim is herein made.

46. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of PAMII.

47. That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of PAMII.

48. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of BA Healthcare.

49.   That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of BA Healthcare.

50.   That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered severe emotional distress, for which claim is herein made.

51.   That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered embarrassment and humiliation, for which claim is herein made.

52.   That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, was undertaken knowingly, willfully, and deliberately and was of a profoundly outrageous nature with reckless and wanton disregard for Plaintiff's statutory rights pursuant to Title VII, entitling Plaintiff to an award of punitive damages in order to punish Misitano sufficiently and to deter others in the future from undertaking such conduct.

**WHEREFORE**, Plaintiff, Sara Harper, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants, Anthony Misitano and Post Acute Medical, LLC, as follows:

1. For compensatory damages, in an amount to be determined, which amount represents the following:

    a. Compensatory damages arising by reason of Plaintiff's loss of income by reason of the constructive discharge of Plaintiff from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future;

    b.    Compensatory damages representing the amount due and owing to Plaintiff for accrued holiday time, sick days, and vacation days, which would have been earned by Plaintiff during the course of her employment with Defendant, Post Acute Medical, LLC;

    c.    Compensatory damages in the amount of 0.5% of the value of PAMII;

    d.    Compensatory damages in the amount of 0.5% of the value of BA Healthcare; and

    e.    Compensatory damages for emotional distress, embarrassment, and humiliation;

2.    For punitive damages against the Individual Defendant, Anthony Misitano;

3.    For interest, costs, and reasonable attorney's fees; and

4.    For such other relief as the Court deems appropriate and just.

## COUNT II

### SARA HARPER
### v.
### ANTHONY MISITANO and POST ACUTE MEDICAL, LLC

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    That, Plaintiff incorporates herein by reference Paragraphs 1 through 52 hereof as if the same were set forth fully at length herein.

54.    That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, was undertaken knowingly, willfully, and deliberately and without regard to Plaintiff's constitutional and statutory rights.

55.    That, Misitano engaged in the extreme and outrageous conduct within the workplace and at Plaintiff's home, as more specifically set forth herein, intentionally and with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

56. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, caused Plaintiff to suffer severe emotional distress.

57. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, the work environment became completely intolerable to Plaintiff, causing Plaintiff to cease working with Post Acute Medical, LLC from the time of March 24, 2014, up to and including the time of the present.

58. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, resulted in the constructive discharge of Plaintiff from her position of employment with Post Acute Medical, LLC, from the time of March 24, 2014, up to and including the time of the present.

59. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff sustained a loss of income from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future, for which claim is herein made.

60. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of PAMII.

61. That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of PAMII.

62. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of BA Healthcare.

63. That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of BA Healthcare.

64. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered severe emotional distress, for which claim is herein made.

65. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered embarrassment and humiliation, for which claim is herein made.

66. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein was undertaken knowingly, willfully, and deliberately and was of a profoundly outrageous nature with reckless and wanton disregard for Plaintiff's statutory rights pursuant to Title VII, entitling Plaintiff to an award of punitive damages in order to punish Misitano sufficiently and to deter others in the future from undertaking such conduct.

**WHEREFORE**, Plaintiff, Sara Harper, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants, Anthony Misitano and Post Acute Medical, LLC, as follows:

1. For compensatory damages, in an amount to be determined, which amount represents the following:

    a. Compensatory damages arising by reason of Plaintiff's loss of income by reason of the constructive discharge of Plaintiff from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future;

    b.    Compensatory damages representing the amount due and owing to Plaintiff for accrued holiday time, sick days, and vacation days, which would have been earned by Plaintiff during the course of her employment with Defendant, Post Acute Medical, LLC;

    c.    Compensatory damages in the amount of 0.5% of the value of PAMII;

    d.    Compensatory damages in the amount of 0.5% of the value of BA Healthcare; and

    e.    Compensatory damages for emotional distress, embarrassment, and humiliation;

2. For punitive damages against the Individual Defendant, Anthony Misitano;

3. For interest, costs, and reasonable attorney's fees; and

4. For such other relief as the Court deems appropriate and just.

## COUNT III

### SARA HARPER
### v.
### ANTHONY MISITANO and POST ACUTE MEDICAL, LLC

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. That, Plaintiff incorporates herein by reference Paragraphs 1 through 66 hereof as if the same were set forth fully at length herein.

68. That, Misitano engaged in the extreme and outrageous conduct within the workplace and at Plaintiff's home as more specifically set forth herein.

69. That, Misitano engaged in the extreme and outrageous conduct within the workplace and at Plaintiff's home, as more specifically set forth herein, negligently and with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

70. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, caused Plaintiff to suffer severe emotional distress, and the negligence of Misitano was the legal cause of Plaintiff's severe emotional distress.

71. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, the work environment became completely intolerable to Plaintiff, causing Plaintiff to cease working with Post Acute Medical, LLC from the time of March 24, 2014, up to and including the time of the present.

72. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, resulted in the constructive discharge of Plaintiff from her position of employment with Post Acute Medical, LLC from the time of March 24, 2014, up to and including the time of the present.

73. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff sustained a loss of income from the time of September, 2006, up to and including the time of the present and indefinitely into the future, for which claim is herein made.

74. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of PAMII.

75. That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of PAMII.

76. That, during the course of her employment with Post Acute Medical, LLC, Plaintiff was awarded 0.5% ownership of BA Healthcare.

77. That, Defendants have failed and refused to provide Plaintiff with any certificates of ownership, stock certificates, or any other instruments of title in connection with her 0.5% ownership of BA Healthcare.

78. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered severe emotional distress, for which claim is herein made.

79. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff suffered embarrassment and humiliation, for which claim is herein made.

80. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, was undertaken knowingly, willfully, and deliberately and was of a profoundly outrageous nature with reckless and wanton disregard for Plaintiff's statutory rights pursuant to Title VII, entitling Plaintiff to an award of punitive damages in order to punish Misitano sufficiently and to deter others in the future from undertaking such conduct.

**WHEREFORE**, Plaintiff, Sara Harper, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants, Anthony Misitano and Post Acute Medical, LLC, as follows:

1. For compensatory damages, in an amount to be determined, which amount represents the following:

a. Compensatory damages arising by reason of Plaintiff's loss of income by reason of the constructive discharge of Plaintiff from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future;

b. Compensatory damages representing the amount due and owing to Plaintiff for accrued holiday time, sick days, and vacation days, which would have been earned by Plaintiff during the course of her employment with Defendant, Post Acute Medical, LLC;

c. Compensatory damages in the amount of 0.5% of the value of PAMII;

d. Compensatory damages in the amount of 0.5% of the value of BA Healthcare; and

e. Compensatory damages for emotional distress, embarrassment, and humiliation;

2. For punitive damages against the Individual Defendant, Anthony Misitano;

3. For interest, costs, and reasonable attorney's fees; and

4. For such other relief as the Court deems appropriate and just.

## COUNT IV

### SARA HARPER
### v.
### ANTHONY MISITANO and POST ACUTE MEDICAL, LLC

### CLAIMS
### PURSUANT TO
### PENNSYLVANIA HUMAN RELATIONS ACT

81. That, Plaintiff incorporates herein by reference Paragraphs 1 through 80 hereof as if the same were set forth fully at length herein.

82. That, Plaintiff's protected class is sex, female.

83. That, the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, violated Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

84. That, as a direct result of the extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home, as more specifically set forth herein, Plaintiff seeks all appropriate remedies under §9 of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff, Sara Harper, prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants, Anthony Misitano and Post Acute Medical, LLC, as follows:

1. For compensatory damages, in an amount to be determined, which amount represents the following:

    a. Compensatory damages arising by reason of Plaintiff's loss of income by reason of the constructive discharge of Plaintiff from the time of March 24, 2014, up to and including the time of the present and indefinitely into the future;

    b. Compensatory damages representing the amount due and owing to Plaintiff for accrued holiday time, sick days, and vacation days, which would have been earned by Plaintiff during the course of her employment with Defendant, Post Acute Medical, LLC;

    c. Compensatory damages in the amount of 0.5% of the value of PAM II;

    d. Compensatory damages in the amount of 0.5% of the value of BA Healthcare;

2. For interest, costs, and reasonable attorney's fees; and

3. For such other relief as the Court deems appropriate and just.

Respectfully submitted,
/s/ BRUCE J. PHILLIPS, ESQUIRE
Supreme Court ID PA37115
/s/ JOSEPH J. MASHINSKI, ESQUIRE
Supreme Court ID PA201414

Caverly, Shea, Phillips & Rodgers, LLC
Suite 210, 15 Public Square
Wilkes-Barre, PA 18701
570-823-0101
570-825-7799 - Fax
FreeScot7@aol.com

Attorney for Plaintiff,
SARA HARPER