# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA HARPER, | : | CIVIL ACTION – LAW |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | No. 1:15-cv-02205-YK |
| | : | |
| ANTHONY MISITANO and | : | |
| POST ACUTE MEDICAL, LLC, | : | |
| | : | |
| *Defendants*. | : | ELECTRONICALLY FILED |

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
### (January 19, 2016)

---

                                                Respectfully submitted,

                                                RHOADS & SINON LLP

By:   /s/ *John Martin*
       John R. Martin, Esq.
       Attorney I.D. No. 204125 (PA)
       Lindsey E. Snavely, Esq.
       Attorney I.D. No. 308145 (PA)

       Rhoads & Sinon LLP
       One South Market Square, 12th Floor
       P.O. Box 1146
       Harrisburg, PA  17108-1146

       (717) 233-5731 (phone)
       (717) 238-8622 (fax)
       jmartin@rhoads-sinon.com
       lsnavely@rhoads-sinon.com

       *Attorneys for Defendants*

1007483.2

## I. INTRODUCTION

Plaintiff, Sara Harper ("Plaintiff"), was an employee of Defendant, Post Acute Medical, LLC ("PAM"), from November 2012 until March 2014, a period of approximately sixteen (16) months. In this action, Plaintiff alleges that her supervisor, Defendant, Anthony Misitano ("Misitano"), harassed her on the basis of her gender/sex, and that this ultimately "forced" her to resign her employment on or about March 24, 2014.

In her Complaint, Plaintiff asserts the following four (4) causes of action against both PAM and Misitano:

- **Count I:** Sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

- **Count II:** Intentional Infliction of Emotional Distress ("IIED");

- **Count III:** Negligent Infliction of Emotional Distress ("NIED"); and

- **Count IV:** "Claims" pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

Defendants vehemently deny each and every one of Plaintiff's accusations in this case. To that end, and as this litigation proceeds, Defendants will respond to Plaintiff's allegations accordingly and will assert all appropriate defenses to these legal claims.

Before doing so, however, Defendants seek to narrow the proper scope of this case in accordance with applicable law. First, Defendant Misitano must be

dismissed from Count I of Plaintiff's Complaint because there is no basis for individual liability under Title VII.  Second, Plaintiff's common law claims for IIED and NIED must be dismissed as against both Defendants because those claims are preempted by application of the Pennsylvania Workers' Compensation Act ("PWCA"), 77 P.S. § 1, *et seq.*, and, with respect to Plaintiff's IIED claim, the alleged conduct is not sufficient, as a matter of law, to establish a viable cause of action under that tort.  Third, and finally, Defendant Misitano must be dismissed from Count IV of Plaintiff's Complaint because Plaintiff has not set forth a claim for individual liability under the PHRA.

In short, Defendant Misitano should be dismissed from this case as an individual defendant, and the claims for IIED and NIED should be dismissed as well.  The only viable causes of action moving forward are Plaintiff's sexual harassment claims against Defendant PAM under Title VII (Count I) and the PHRA (Count IV).

## II.   BACKGROUND

### A.   Factual Allegations[1]

Plaintiff worked as an Executive Assistant/Office Coordinator for PAM for approximately sixteen (16) months, from November 21, 2012 to March 24, 2014.

---

[1] As is required by the relevant procedural standard, the well-pleaded facts set forth in Plaintiff's Complaint—as opposed to any and all conclusory statements—will be treated as true, but only for purposes of the instant Motion to Dismiss.

[See Compl. (Dkt. No. 1) ¶ 6.] Defendant Misitano was Plaintiff's supervisor. [Id. ¶ 8.] In her Complaint, Plaintiff alleges that, starting on or about January 1, 2013, Defendant Misitano "repeatedly engaged in a course of sexually harassing acts toward Plaintiff, which acts were physical, verbal, and written in nature." [Id. ¶ 11.] The well-pleaded facts in the Complaint establish allegations that Defendant Misitano attempted to and/or did hug Plaintiff, touched her on non-intimate parts of her body, and made a handful of relatively innocuous, non-sexual comments to and/or about Plaintiff. [See id. ¶¶ 11-27.] This alleged conduct occurred at work and/or in the workplace. Ultimately, according to Plaintiff, "on March 24, 2014, [she] was forced to resign from her position of employment." [Id. ¶ 33.]

### B. Procedural History

Plaintiff initiated this action by filing a Complaint on November 18, 2015. [Compl. (Dkt. No. 1).] The Complaint contains four (4) separate causes of action, alleging violations under Title VII and the PHRA [id. ¶¶ 34-52 (Count I); id. ¶¶ 81-84 (Count IV)], as well as ancillary claims for IIED and NIED [id. ¶¶ 53-66 (Count II); id. ¶¶ 67-80 (Count III)].

On January 19, 2016, Defendants filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking the dismissal of Defendant Misitano and the dismissal of the IIED and NIED claims as against both Defendants.

**III.   STATEMENT OF QUESTION PRESENTED**

    **A.   Whether Count I Should Be Dismissed As against Defendant Misitano Because Title VII Does Not Provide for Individual Liability?**

    **Suggested Answer:  Yes.**

    **B.   Whether Count II Should Be Dismissed Because the Plaintiff's IIED Claim Is Barred by Application of the Pennsylvania Workers' Compensation Act, and also Because the Alleged Misconduct Is Insufficient to Warrant Recovery under This Theory of Liability As a Matter of Law?**

    **Suggested Answer:  Yes.**

    **C.   Whether Count III Should Be Dismissed Because the Plaintiff's NIED Claim Is Barred by Application of the Pennsylvania Workers' Compensation Act?**

    **Suggested Answer:  Yes.**

    **D.   Whether Count IV Should Be Dismissed As against Defendant Misitano Because the Plaintiff Has Not Set Forth a Claim for Individual Liability under the PHRA?**

    **Suggested Answer:  Yes.**

**IV.   STANDARD OF REVIEW: Motion to Dismiss**

A cause of action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the alleged facts, even when taken as true, fail to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  While the Federal Rules governing pleadings do not require "detailed factual allegations," "a plaintiff's obligation to provide the 'grounds' of h[er] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of

action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that conclusory allegations will no longer survive a motion to dismiss and stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

Following the decisions in Twombly and Iqbal, the United States Court of Appeals for the Third Circuit confirmed that the "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Accordingly, the following three steps are taken when determining the sufficiency of the allegations contained in a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. The Steel Valley Sch., 706 F.3d 209, 212 (3d Cir. 2013) (citing Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011).

Application of the foregoing standard compels the dismissal of the IIED and NIED claims, as well as the dismissal of Misitano as an individual defendant. Thus, the only claims that should move forward to discovery are those asserting sexual harassment against Defendant PAM under Title VII and the PHRA.

## V. ARGUMENT

### A. Count I (Sexual Harassment) Should Be Dismissed As against Defendant Misitano Because Title VII Does Not Provide for Individual Liability.

Title VII applies to "employers," and in her Complaint, Plaintiff specifically alleges that she was "employed by" Defendant PAM. [See Compl. (Dkt. No. 1) ¶ 6.] It is well-settled that individual defendants, like Defendant Misitano, are not "employers" and, as such, cannot be held liable under Title VII. Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."); Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 184 (3d Cir. 1997) ("[I]ndividuals may not be held liable under Title VII."); see also Burlingame v. Pretium Packaging, No. 05-2469, 2006 WL 2302375, at *3 (M.D. Pa. Aug. 8, 2006) (Kane, J.)[2] ("Count II alleges that Defendants created a hostile working environment in violation of Title VII. Because Count II is also based on a Title VII claim, the individual Defendants may

---

[2] Copies of unpublished opinions are attached hereto in accordance with Local Civil Rule 7.8(a).

not be held liable. Accordingly, the individual Defendants' motions to dismiss Count II will be granted.") (citation omitted).

Accordingly, Defendant Misitano must be dismissed from Count I of Plaintiff's Complaint.

**B.     Count II (IIED) Should Be Dismissed Because It Is Barred by Application of the Pennsylvania Workers' Compensation Act, and also Because the Misconduct Alleged by Plaintiff Is Insufficient to Warrant Recovery under an IIED Theory As a Matter of Law.**

Plaintiff's IIED claim is asserted against Defendant PAM and Defendant Misitano.  It should be dismissed as against both Defendants for the reasons that follow.

**1.     The IIED claim should be dismissed as against Defendant PAM.**

The PWCA provides the exclusive remedy for an employee's work-related injuries.  See 77 P.S. § 481(a); see also Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (noting that "[t]he exclusivity provision of [the PWCA] bars claims for intentional and/or negligent infliction of emotional distress arising out of an employment relationship") (alterations, citation, and quotations omitted).  There is one limited exception to this general rule—the so-called "personal animus" or "third party attack" exception.  See 77 P.S. § 411(1) (providing that an "injury arising in the course of employment … shall not include an injury caused by the act of a third person intended to injure the employee

because of reasons personal to him, and not directed against him as an employee or because of his employment").

In the case at bar, the PWCA preempts and precludes Plaintiff's IIED claim, and the personal animus/third party attack exception does not apply. Plaintiff's allegations of sexual harassment, which form the basis of her cause of action for IIED, are entirely work-related—in that they all occurred at work and/or in the workplace[3]—and they arose solely as a result of her employment relationship. According to the Third Circuit:

> Sexual harassment is a well-recognized workplace problem, the kind of thing employers must be prepared to combat. Because it is like other workplace hazards, we suspect that Pennsylvania would find IIED claims based on this kind of harassment to be preempted [by the PWCA]. But we cannot be sure, and we express no opinion as to whether an IIED claim for harassment more disconnected from the work situation would be preempted, for example where a supervisor sexually assaulted an employee or stalked her outside of work.

Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 n.16 (3d Cir. 1999). In this case, Plaintiff does not allege (because even she knows she cannot allege) that she was "sexually assaulted" by Defendant Misitano, or that he "stalked her outside of work." Rather, and at best, Plaintiff's allegations—even assuming they are true

---

[3] Plaintiff avers, in a wholly conclusory fashion, that Defendant "Misitano engaged in the extreme and outrageous conduct within the workplace *and at Plaintiff's home*, as more specifically set forth herein ... ." [Compl. (Dkt. No. 1) ¶ 55 (emphasis added).] There is not a single fact alleged in the Complaint, however, to substantiate the Plaintiff's claim that any of this supposed conduct occurred at her home. To that end, this Court may properly disregard Plaintiff's conclusory statement under the Twombly/Iqbal standard.

(and they are not)—demonstrate nothing more than the "well-recognized" type of harassment mentioned by the Third Circuit. As such, her IIED claim is preempted by the PWCA. See Iacono v. Toll Bros., No. 01-4486, 2001 WL 1632138, at *2 (E.D. Pa. Dec. 19, 2001) ("[B]ecause all of the allegedly offensive [sexually harassing] conduct occurred at work and arose out of the employment relationship, the personal animus exception is not applicable. Therefore, [the plaintiff]'s claim for intentional infliction of emotional distress must also be dismissed as it is pre-empted by the WCA.") (citation omitted).

However, even assuming, *arguendo*, that the personal animus/third party attack exception does apply (and, by extension, Plaintiff's claim is not preempted by the PWCA), the IIED claim cannot survive the instant Motion to Dismiss. To that end, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988). Indeed, the Third Circuit has instructed: "[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." Andrews v. City of Philadelphia, 895 F.2d 1469, 1487 (3d. Cir. 1990). Rather, "[t]he extra factor that is generally required is retaliation for turning down sexual propositions." Id.

In this case, the Plaintiff does not allege (because she knows she cannot allege) that Defendant Misitano ever sexually propositioned her, nor, by extension, does she allege that she suffered any sort of *quid pro quo* retaliation for turning down a non-existent sexual proposition. At best, Plaintiff alleges that Defendant Misitano "threatened to demote [her] and repeatedly told [her] how stupid it was to complain to Human Resources regarding his conduct." [Compl. (Dkt. No. 1) ¶ 31.] This, however, is not the type of "retaliation" contemplated by the Third Circuit in its Andrews decision.

> Plaintiff has not alleged retaliation based on rejection of sexual advances or propositions. Indeed, she does not allege that any such sexual advances or propositions were made to her. The only retaliation alleged in the Complaint is "retaliation for complaining about sex discrimination." This, however, is not the type of retaliation required to maintain a claim for intentional infliction of emotional harm. Accordingly, the Complaint fails to state a cause of action for intentional infliction of emotional harm and that claim will be dismissed.

Imboden v. Chowns Commc'ns, 182 F. Supp. 2d 453, 457-58 (E.D. Pa. 2002) (record citation and footnote omitted).

For either reason or both reasons, i.e. PWCA preemption or failure to state a claim, Plaintiff's IIED claim should be dismissed as against Defendant PAM.

### 2. The IIED claim should be dismissed as against Defendant Misitano.

Defendant Misitano acknowledges that the PWCA preemption argument does not apply to the IIED claim asserted against him individually. Nevertheless,

- 10 -

the IIED claim must also be dismissed as against Defendant Misitano for the very same reasons discussed *supra*, to wit, the alleged conduct does not rise to the level of "outrageousness" required under the law. To reiterate, Defendant Misitano is not alleged to have sexually propositioned Plaintiff, nor did he retaliate against Plaintiff for rebuffing a non-existent proposition. As such, Plaintiff's IIED claim, against either Defendant in this case, is without legal basis.

> **C. Count III (NIED) Should Be Dismissed Because It Is Barred by Application of the Pennsylvania Workers' Compensation Act.**

Plaintiff's NIED claim is asserted against Defendant PAM and Defendant Misitano. It should be dismissed as against both Defendants for the reasons that follow.

> **1. The NIED claim should be dismissed as against Defendant PAM.**

The PWCA provides the exclusive remedy for an employee's work-related injuries. See 77 P.S. § 481(a); see also Matczak, 136 F.3d at 940 (noting that "[t]he exclusivity provision of [the PWCA] bars claims for intentional and/or negligent infliction of emotional distress arising out of an employment relationship") (alterations, citation, and quotations omitted). Unlike IIED claims, which, as discussed *supra*, have the potential to trigger a personal animus/third party attack exception, "there is no such exception for negligent infliction of emotional distress claims." Imboden, 182 F. Supp. 2d at 456-57. Therefore,

"[a]ny claim for negligent infliction of emotional distress which arises out of an employment relationship is thus barred by the [PWCA]." Id. at 457 (citation and quotations omitted); see also Mahoney v. Lancaster County Motors, No. 05-2395, 2006 WL 1284951, at *5 (E.D. Pa. May 8, 2006) ("Thus, while the personal animus exception to the PWCA supports the possibility of a claim of intentional infliction of emotional distress, a negligent infliction claim is by its very terms excluded.") (alteration, citation, and quotations omitted).

### 2. The NIED claim should be dismissed as against Defendant Misitano.

Section 72 of the PWCA provides as follows with respect to an employee's individual liability:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong*.

77 Pa. Stat. Ann. § 72 (emphasis added). It is for this reason that the PWCA does not preempt the IIED claim asserted against Defendant Misitano. At the same time, "[t]he Pennsylvania General Assembly, however, has abrogated the common-law liability of one employee to another for negligence." Mahoney, 2006 WL 1284951, at *6 (citation and quotations omitted). As such, the PWCA preempts the NIED claim asserted against Defendant Misitano in his individual capacity. Id.

("Therefore, Plaintiff's NIED claim against Adams [the individual defendant] is barred by 77 Pa. Cons.Stat. § 72.").

### D. Count IV (PHRA) Should Be Dismissed As against Defendant Misitano Because the Plaintiff Has Not Set Forth a Claim for Individual Liability under the PHRA?

In Count IV of the Complaint, Plaintiff asserts unidentified "claims" under the PHRA. Defendants presume that Plaintiff's Count IV parallels her claim for Title VII sexual harassment claim set forth in Count I. Even with that assumption, however, the Complaint does not establish a claim for individual liability against Defendant Misitano under the PHRA. At best, Plaintiff has alleged a "violat[ion] [of] Section 5(a) of the [PHRA]." [See Compl. (Dkt. No. 1) ¶ 83.] To that end, section 5(a) of the PHRA—the provision that specifically addresses employment discrimination—declares only that "any employer" may be held liable. See 43 Pa. C.S. § 955(a). Like Title VII, the definition of an employer under the PHRA cannot be construed to include "employees" like Defendant Misitano; indeed, "employee" is defined as a wholly separate term under the Act. See id. § 954(b) and (c).

As such Count IV should be dismissed as against Defendant Misitano.

## VI. CONCLUSION

Plaintiff's allegations are a complete fabrication. They read like a generic caricature of someone's idea of what might possibly constitute sexual harassment. Should Plaintiff choose to move forward with this case, Defendants are ready, willing, and able to expose Plaintiff's true motivations in filing this lawsuit. Before doing so, however, Plaintiff's legally baseless claims should be dismissed before the remaining, factually baseless claims can be addressed.

Accordingly, for all of the reasons discussed herein, Defendant PAM and Defendant Misitano respectfully request that Plaintiff's IIED and NIED claims be dismissed in their entirety, and that Defendant Misitano be dismissed from this case in his capacity as an individual defendant.

Respectfully submitted,

RHOADS & SINON LLP

By: /s/ *John Martin*
John R. Martin, Esq.
Attorney I.D. No. 204125 (PA)
Lindsey E. Snavely, Esq.
Attorney I.D. No. 308145 (PA)
Rhoads & Sinon LLP
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA  17108-1146
(717) 233-5731 (phone)
(717) 238-8622 (fax)
jmartin@rhoads-sinon.com
lsnavely@rhoads-sinon.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2016, a true and correct copy of the foregoing document was served electronically on the following:

Bruce J. Phillips, Esq.
Joseph J. Mashinki, Esq.
Caverly, Shea, Phillips & Rodgers, LLC
15 Public Square, Suite 210
Wilkes-Barre, PA  18701
*Attorneys for Plaintiff*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ *John R. Martin*