IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA HARPER, | : |
| Plaintiff | : Civil Action No. 1:CV 15-2205 |
| vs. | : JURY TRIAL DEMANDED |
| ANTHONY MISITANO and POST ACUTE MEDICAL, LLC, | : The Honorable Yvette Kane |
| Defendants | : (Electronically Filed) |

**BRIEF
OF PLAINTIFF
IN OPPOSITION TO
MOTION TO DISMISS
OF DEFENDANTS**

Bruce J. Phillips, Esquire
Supreme Court ID PA37115
Joseph J. Mashinski, Esquire
Supreme Court ID PA201414
Caverly, Shea, Phillips & Rodgers, LLC
Suite 210, 15 Public Square
Wilkes-Barre, PA 18701
570-823-0101
570-825-7799 - Fax
FreeScot7@aol.com

Attorney for Plaintiff

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Citations | |
| Factual Background and Procedural History | 1 |
| Issues | 3 |
| Argument | 4 |
|     A. *Is Defendant, Anthony Misitano, individually, in his capacity as supervisor of Plaintiff, Liable to Plaintiff for Acts of Sexual Harassment?* | |
|     B. *Is Plaintiff's cause of action for intentional infliction of emotional distress barred by virtue of the Pennsylvania Workers' Compensation Act?* | |
|     C. *Is Plaintiff's cause of action for negligent infliction of emotional distress barred by virtue of the Pennsylvania Workers' Compensation Act?* | |
|     D. *Is Defendant, Anthony Misitano, individually, in his capacity as supervisor of Plaintiff, liable to Plaintiff for acts of sexual harassment pursuant to the Pennsylvania Human Relations Act?* | |
| Conclusion | 12 |

# TABLE OF CITATIONS

Page

**CASES**

*Andrews v. City of Philadelphia*
895 F.2d 1469 (3d Cir., 1990) .................................... 7

*Barb v. Miles, Incorporated*
861 F.Supp. 356 (1994) .......................................... 8

*Bouton v. BMW of North America*
29 F.3d 103 (3d Cir., 1994) ...................................... 5

*Bridges v. Eastman Kodak Co.*
800 F.Supp. 1172 (S.D.N.Y., 1992) ................................ 5

*Brooks v. Mendoza and Denny's Inc.*
No. 00-5045 (E.D.Pa., 2002) ..................................... 9

*Conley v. Gibson*
355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .................... 4

*Cruz v. Beto*
405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) ............... 4

*Domm v. Jersey Printing Co., Inc.*
871 F.Supp. 732 (1994) .......................................... 5

*Durkin v. Bristol Township*
88 F.R.D. 613 (E.D.Pa., 1980) ................................... 5

*Frazier v. Southeastern Pennsylvania Transportation Authority*
785 F.2d 65 (3d Cir., 1986) ..................................... 5

*Garvey v. Dickinson College*
761 F.Supp. 1175 (M.D.Pa., 1991) ................................ 9

*Glickstein v. Neshaminy School District*
1997 WL 660636 (E.D.Pa., 1997) ................................. 11

*Gruver v. Ezon Products, Inc.*
763 F.Supp. 772 (M.D.Pa., 1991) ................................. 9

*Gulick v. Chia S. Shu, M.D., P.C.*
618 F.Supp. 481 (M.D.Pa., 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hishon v. King & Spalding*
467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) . . . . . . . . . . . . . . . . . . . . . . 4

*Hoy v. Angelone*
554 Pa. 134, 720 A.2d 745 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hunger v. Grand Central Sanitation*
447 Pa.Super. 575, 670 A.2d 173 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. Caparelli*
425 Pa.Super. 404, 625 A.2d 668 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Magnuson v. Peak Technical Services, Inc.*
808 F.Supp. 500 (E.D.Va., 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Motheral v. Burkhart*
400 Pa.Super. 408, 583 A.2d 1180 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Paolino v. Channel Home Centers*
668 F.2d 721 (3d Cir., 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Papieves v. Lawrence*
437 Pa. 373, 263 A.2d 118 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Price v. Philadelphia Electric Co.*
790 F.Supp. 97 (E.D.Pa., 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schweitzer v. Rockwell International*
402 Pa.Super. 34, 586 A.2d 383 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*Sturm v. Clark*
835 F.2d 1009 (3d Cir., 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Swisher v. Pitz*
868 A.2d 1228, 2005 Pa.Super. 56 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Taylor v. Albert Einstein Medical Center*
562 Pa. 176, 754 A.2d 650 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Venturi v. Krenitsky*
2008 WL 3471519 (M.D.Pa., 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**RULES**

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4,5

**STATUTES**

43 P.S. §§951-963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

43 P.S. §955(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

77 P.S. §411(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

77 P.S. §481(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

42 U.S.C. §2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

## FACTUAL BACKGROUND
## and
## PROCEDURAL HISTORY

Sara Harper was employed by Post Acute Medical, LLC, as an Executive Assistant/Office Coordinator from November 21, 2012, until March 24, 2014. During the course of her employment, Anthony Misitano was the Owner and President/Chief Executive Officer of Post Acute Medical, LLC; directed the operations of Post Acute Medical, LLC; and was the direct supervisor of Harper.

Harper's causes of action arise out of the multiple and unwelcomed oral, written, and physical acts of sexual harassment directed toward Harper by Misitano during the course of her employment.

Specifically, Misitano repeatedly asked Harper to tell him that she loved him; told Harper that he loved her; requested that Harper kiss him on the cheek; requested that Harper hug him; hugged Harper and refused to let her go; and touched Harper's hair, neck, shoulders, stomach, and thighs. Misitano repeatedly asked Harper to fix his computer, without moving his chair, which forced Harper to almost sit on his lap in order to complete the repairs. Misitano repeatedly required Harper to stand and kneel in front of him while he would comment, smell, and touch Plaintiff, refusing to move away. Misitano repeatedly hand-fed Harper food and told Harper, "You think this is sexual, don't you?" Misitano repeatedly told Harper, "If you don't feel comfortable with me touching you, I don't feel comfortable in having you around". Misitano texted Rob, a co-worker, regarding the location of Rob's office within the workplace, stating, "Rob, you're underneath her. That's the place to be.". On more than one occasion, Misitano put Plaintiff in a headlock; twist her arm; and say, "Now I could have my way with you.".

1

The multiple and unwelcomed acts of sexual harassment forced Harper to resign from her position of employment on March 24, 2014, resulting in a constructive discharge.

Subsequent to Harper leaving her position of employment with Post Acute Medical, LLC, Misitano continued to send harassing and threatening emails to Harper in order to induce her to return to her position of employment and to deter her from pursuing her legal rights against Misitano and Post Acute Medical, LLC.

On November 18, 2015, Harper instituted suit against Misitano and Post Acute Medical, LLC seeking compensatory and punitive damages pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §§951-963.  Harper additionally seeks damages for both Intentional and Negligent Infliction of Emotional Distress.

## ISSUES

A. *IS DEFENDANT, ANTHONY MISITANO, INDIVIDUALLY, IN HIS CAPACITY AS SUPERVISOR OF PLAINTIFF, LIABLE TO PLAINTIFF FOR ACTS OF SEXUAL HARASSMENT?*

        Answered in the Affirmative.

B. *IS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BARRED BY VIRTUE OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT?*

        Answered in the Negative.

C. *IS PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BARRED BY VIRTUE OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT?*

        Answered in the Negative.

D. *IS DEFENDANT, ANTHONY MISITANO, INDIVIDUALLY, IN HIS CAPACITY AS SUPERVISOR OF PLAINTIFF, LIABLE TO PLAINTIFF FOR ACTS OF SEXUAL HARASSMENT PURSUANT TO THE PENNSYLVANIA HUMAN RELATIONS ACT?*

        Answered in the Affirmative.

## ARGUMENT

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed if the Complaint fails to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) Motion, the Court must view all allegations made in the Complaint as true and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir., 1987). Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

A Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied "**unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief**". *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")

"[T]he crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer. At the same time, however, a court cannot expect a complaint to provide proof

4

of plaintiffs' claims, nor a proffer of all available evidence." *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65, 68 (3d Cir., 1986). "[A] Rule 12(b)(6) dismissal [is] improper [if the plaintiff can] prove a set of facts which would support relief . . .". *Paolino v. Channel Home Centers*, 668 F.2d 721, 723 (3d Cir., 1981); *Durkin v. Bristol Township*, 88 F.R.D. 613, 616 (E.D.Pa., 1980) ("civil rights actions should not be dismissed at the pleading stage 'unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims'" (citations omitted)).

A. *IS DEFENDANT, ANTHONY MISITANO, INDIVIDUALLY, IN HIS CAPACITY AS SUPERVISOR OF PLAINTIFF, LIABLE TO PLAINTIFF FOR ACTS OF SEXUAL HARASSMENT?*

In the case of *Domm v. Jersey Printing Co., Inc.*, 871 F.Supp. 732 (1994), the Court specifically concluded that, employees in a supervisory capacity are "agents" of their employer and, therefore, subject to liability under Title VII.

In a Title VII action for sexual harassment, supervisory employees can be held liable as "employers". *Bridges v. Eastman Kodak Co.*, 800 F.Supp. 1172, 1180 (S.D.N.Y., 1992).

The term "employer" under Title VII should be construed to encompass persons who control some aspect of an individual's compensation, terms, conditions, or privileges of employment. *Magnuson v. Peak Technical Services, Inc.*, 808 F.Supp. 500 (E.D.Va., 1992).

In the matter of *Bouton v. BMW of North America*, 29 F.3d 103 (3d Cir., 1994), the Court held that agency principles determine employer liability in hostile environment sexual harassment claims and implied that the harasser could be sued directly under Title VII.

5

In their Brief, Defendants ignore the undisputed facts that Misitano was the owner and President/Chief Executive Officer of Post Acute Medical, LLC; directed the operations of Post Acute Medical, LLC; and was the direct supervisor of Harper. In his capacity as the direct supervisor of Harper, Misitano controlled her compensation and terms and conditions of employment. Most profoundly, it was Misitano who committed the profound acts of sexual harassment toward Harper.

Misitano is individually liable to Harper for his conduct constituting sexual harassment.

B.  *IS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BARRED BY VIRTUE OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT?*

This precise issue was before The Honorable James M. Munley in the matter of *Venturi v. Krenitsky*, 2008 WL 3471519 (M.D.Pa., 2008). In that case, Venturi, a part-time Police Officer employed by the Borough of Old Forge, was sexually harassed by the James Krenitsky, who was the Captain of the Police Department. The acts of sexual harassment consisted of Krenitsky communicating via a two-way radio sexually explicit remarks regarding Venturi.

In his Memorandum and Order, dated August 8, 2008, Judge Munley concluded that, the conduct was sufficient to sustain an action for intentional infliction of emotional distress.

> The Pennsylvania Superior Court has adopted the tort of intentional infliction of emotional distress by quoting Section 46 of the Restatement (Second) of Torts: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability

for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.". *Hunger v. Grand Central Sanitation*, 670 A.2d 173, 177 (Pa.Super.Ct., 1996); *see also, Taylor v. Albert Einstein Medical Center*, 754 A.2d 650, 652 (Pa., 2000) (finding that "[a]lthough we have never expressly recognized a cause of action for intentional infliction of emotional distress, and thus have never formally adopted this section of the Restatement, we have cited the section as setting forth the minimum elements necessary to sustain such a cause of action."). The Pennsylvania Supreme Court has found that only the most serious conduct justifies recovery, since "[l]iability has been found only where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.". *Motheral v. Burkhart*, 583 A.2d 1180, 1188 (Pa., 1990) (quoting Restatement (Second) of Torts §46, comment d). "[I]t is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Swisher v. Pitz*, 868 A.2d 1228, 1231 (Pa.Super.Ct., 2005) (quoting *Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa.Super.Ct., 1993)).

Though courts have been reluctant to find intentional infliction of emotional distress, they have recognized instances where the defendant's behavior was egregious and outrageous enough to justify imposing liability. *See, e.g., Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir., 1990) (finding that "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress."); *Papieves v. Kelly*, 263 A.2d 118, 122 (Pa., 1970) (finding intentional infliction of emotional distress could lie in a claim that defendants intentionally prevented parents from recovering their son's corpse and buried it without their authorization).

The Court in *Venturi*, concluded that the sexually explicit remarks made via a two-way radio were "sufficiently outrageous to survive a motion to dismiss".

The Pennsylvania Supreme Court in the matter of *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 754 (1998), found that, a claim for intentional infliction of emotional distress is not barred as a matter of law in the context of a sexual harassment case and that, where "the victim of sexual harassment is subjected to blatantly abhorrent conduct", an intentional infliction of emotional distress claim based on sexual harassment is cognizable.

7

In their Brief, Defendants claim that Harper's cause of action for intentional infliction of emotional distress is barred by the Pennsylvania Workers' Compensation Act. Defendants' argument is without merit!

This issue was addressed by the United States District Court for the Western District of Pennsylvania in the matter of *Barb v. Miles, Incorporated*, 861 F.Supp. 356 (1994), which concluded that, the preemption provision of the Act was inapplicable.

The preemption section of the Workers' Compensation Act reads:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . on account of any injury or death . . .

77 P.S. §481(a). The Act exclusively covers "an injury to an employe . . . arising in the course of his employment and related thereto . . .". *Id.* at §411(1). The statute does include some exceptions:

> The term "injury arising in the course of his employment" . . . shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; . . . but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer . . .

*Id.*

. . .

> When the highest state court has not indicated it would rule otherwise, the federal courts must give significant, though not conclusive, weight to the state's intermediate appellate courts' decisions. *Gulick v. Chia S. Shu, M.D., P.C.*, 618 F.Supp. 481 (M.D.Pa., 1985). The court is satisfied that the Pennsylvania Superior Court's analysis and holding in *Schweitzer v. Rockwell International*, 402 Pa.Super. 34, 586 A.2d 383 (1990), accurately reflects the correct approach to the issue.

8

In *Schweitzer*, plaintiff filed a claim of intentional infliction of emotion distress arising from sexual harassment in the workplace. The plaintiff alleged that her supervisor made lewd remarks about her body and touched her inappropriately. Subsequently, she was transferred to a different position. The court held that where one employee intends to injure a fellow employee for personal reasons the resultant injury is not work related nor subject to the preemption section of the Workers' Compensation Act. It stated that "the alleged emotional distress arose from harassment personal in nature and not part of the proper employer/employee relationship". *Schweitzer*, 586 A.2d at 391. Thus, the common law tort claims were not excluded.

District courts in this circuit have expressly adopted the *Schweitzer* reasoning and have allowed plaintiffs to maintain a claim for intentional infliction of emotional distress against their employers, when a plaintiff has alleged sexual harassment in the work place. *Gruver v. Ezon Prods.*, 763 F.Supp. 772 (M.D.Pa., 1991); *Garvey v. Dickinson College*, 761 F.Supp. 1175 (M.D.Pa., 1991); and *Price v. Philadelphia Elec. Co.*, 790 F.Supp. 97 (E.D.Pa., 1992) (racial harassment). This court will join this consensus of emerging law and permit plaintiff to present this claim to a jury.

Moreover, Defendants' own attorneys, Rhoads & Sinon LLP, on their website, noted the following:

### Sexual Harassment Lawsuits and Claims for Intentional Infliction of Emotional Distress

. . . a recent opinion by U.S. District Judge Jan E. DuBois of the Eastern District of Pennsylvania held that employers are not automatically protected from claims for **intentional** infliction of emotional distress that allegedly results from sexually harassing behavior in the workplace. Prior to Judge DuBois' ruling in **Brooks v. Mendoza and Denny's Inc.**, defendant employers regularly argued that a sexual harassment plaintiff's claim for intentional infliction of emotional distress was preempted by the Pennsylvania Workers' Compensation Act ("Act") because the Act provides the sole remedy for injuries alleged sustained during the course of employment. However, Judge DuBois held that the Act's "personal animus exception" excludes claims for intentional infliction of emotional distress. Judge DuBois found that the Act does not cover employee injuries caused by intentional conduct of third parties for reasons that are personal to the tortfeasor and not directed against the plaintiff as an employee or because of his employment.

> . . . The Court found that although the alleged conduct took place in the workplace, the manager's actions were personal in nature and disconnected from the work situation. Therefore, the Court found, the plaintiff's claims satisfied the personal animus exception and allowed plaintiff's claims for intentional infliction of emotion distress to proceed.

A copy of the web page is attached hereto, made a part hereof, and labeled Exhibit "A".

The oral, written, and physical acts of sexual harassment made by Misitano toward Harper in the workplace as detailed in Harper's Complaint were of a nature that was both egregious and outrageous to justify imposing liability for intentional infliction of emotional distress.

C.  *IS PLAINTIFF'S CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BARRED BY VIRTUE OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT?*

In *Venturi v. Krenitsky*, 2008 WL 3471519 (M.D.Pa., 2008), the Court also addressed the Defendants challenge to Plaintiffs' claim for negligent infliction of emotional distress and concluded that, plaintiff's allegation that she suffered "severe emotional distress" as a result of the unwelcomed sexual harassment was enough to survive a motion to dismiss "[a]t this preliminary stage of the litigation."

D.  *IS DEFENDANT, ANTHONY MISITANO, INDIVIDUALLY, IN HIS CAPACITY AS SUPERVISOR OF PLAINTIFF, LIABLE TO PLAINTIFF FOR ACTS OF SEXUAL HARASSMENT PURSUANT TO THE PENNSYLVANIA HUMAN RELATIONS ACT?*

Misitano's attempt to escape liability under the Pennsylvania Human Relations Act is no different from his claim that he cannot be held individually liable under Title VII.

10

Again, Defendants fail to address the fact that Misitano was the owner and President/Chief Executive Officer of Post Acute Medical, LLC; directed the operations of Post Acute Medical, LLC; and was the direct supervisor of Harper.

Section 955(e) of the Pennsylvania Human Relations Act forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . .". 43 Pa. C.S.A. §955(e).

Further, the Court in *Glickstein v. Neshaminy School District*, 1997 WL 660636, *11-13 (E.D.Pa., 1997), held that supervisors can be held liable under Section 955(e) for their own direct acts of discrimination. "[U]nder agency principles, a supervisory employee who engages in discriminatory conduct while acting in the scope of his employment shares the intent and purpose of the employer and may be held liable for aiding and abetting the employer in its unlawful conduct." *Id.*, at 12.

Misitano certainly qualifies as a "person" and "employee" under Section 955(e) and as Harper's direct supervisor, he is a proper Defendant under Section 955(e) and could be liable for aiding and abetting discriminatory practices.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss of Defendants, Anthony Misitano and Post Acute Medical, LLC, should be denied.

        Respectfully submitted,
        /s/ BRUCE J. PHILLIPS, ESQUIRE
        Supreme Court ID PA37115
        /s/ JOSEPH J. MASHINSKI, ESQUIRE
        Supreme Court ID PA201414

        Caverly, Shea, Phillips & Rodgers, LLC
        Suite 210, 15 Public Square
        Wilkes-Barre, PA 18701
        570-823-0101
        570-825-7799 - Fax
        FreeScot7@aol.com

        Attorney for Plaintiff,
        SARA HARPER

EXHIBIT "A"

# RHOADS & SINON LLP

Visit Our Blog

**UPDATES**

## Sexual Harassment Lawsuits and Claims for Intentional Infliction of Emotional Distress

Kathleen D. Bruder

Although employers are protected from claims for negligent infliction of emotional distress in sexual harassment cases, a recent opinion by U.S. District Judge Jan E. DuBois of the Eastern District of Pennsylvania held that employers are not automatically protected from claims for **intentional** infliction of emotional distress that allegedly results from sexually harassing behavior in the workplace. Prior to Judge DuBois' ruling in ***Brooks v. Mendoza and Denny's, Inc.***, defendant employers regularly argued that a sexual harassment plaintiff's claim for intentional infliction of emotional distress was pre-empted by the Pennsylvania Workers' Compensation Act ("Act") because the Act provides the sole remedy for injuries alleged sustained during the course of employment. However, Judge DuBois held that the Act's "personal animus exception" excludes claims for intentional infliction of emotional distress. Judge DuBois found that the Act does not cover employee injuries caused by intentional conduct of third parties for reasons that are personal to the tortfeasor and not directed against the plaintiff as an employee or because of his employment.

In the ***Brooks*** case, the plaintiff, a former hostess at a Denny's restaurant in Allentown, Pennsylvania, claimed that Mendoza, her manager, harassed the plaintiff when he placed a vibrating object in his pants and, despite her objections, followed her throughout the restaurant. The Court found that although the alleged conduct took place in the workplace, the manager's actions were personal in nature and disconnected from the work situation. Therefore, the Court found, the plaintiff's claims satisfied the personal animus exception and allowed plaintiff's claims for intentional infliction of emotional distress to proceed. However, the Court dismissed the claim for negligent infliction of emotional distress since it was pre-empted by the Act.

In light of this ruling, employers should be aware that a plaintiff alleging sexual harassment may be allowed to proceed with a claim for intentional infliction of emotional distress and are cautioned to consider this ruling when assessing a sexual harassment complaint. Unfortunately, most sexual harassment claims center around conduct that is offensive and for the most part, personal in nature. Defense lawyers, especially those practicing before the District Court for the Eastern District, will likely be prevented from automatically succeeding on any motion to dismiss an intentional infliction of emotional distress claim, especially when the sexually harassing conduct is alleged to be "personal in nature."

One South Market Square, 12th Floor, P.O. Box 1146, Harrisburg, PA 17108-1146
ph: 717.862.4534  fx: 717.238.8623  info@rhoads-sinon.com

29 Dowlin Forge Road, Exton, PA 19341
ph: 610-423-4200  fx: 610-423-4201  info@rhoads-sinon.com