IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA HARPER, | : | CIVIL ACTION – LAW |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | No. 1:15-cv-02205-YK |
| | : | |
| ANTHONY MISITANO and | : | |
| POST ACUTE MEDICAL, LLC, | : | |
| | : | |
| *Defendants*. | : | ELECTRONICALLY FILED |

---

**DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF MOTION TO DISMISS
(February 12, 2016)**

---

          Respectfully submitted,

          RHOADS & SINON LLP

By:   /s/ *John Martin*
      John R. Martin, Esq.
      Attorney I.D. No. 204125 (PA)
      Lindsey E. Snavely, Esq.
      Attorney I.D. No. 308145 (PA)

      Rhoads & Sinon LLP
      One South Market Square, 12th Floor
      P.O. Box 1146
      Harrisburg, PA  17108-1146

      (717) 233-5731 (phone)
      (717) 238-8622 (fax)
      jmartin@rhoads-sinon.com
      lsnavely@rhoads-sinon.com

      *Attorneys for Defendants*

## I.   INTRODUCTION

Defendants file this Reply to briefly respond to certain arguments raised in Plaintiff's Opposition to Defendants' Motion to Dismiss.

## II.   REPLY

### A.   Plaintiff's Cited Cases are no Longer Authoritative for Individual Liability Under Title VII.

Plaintiff's cites four (4) cases to argue that Defendant Misitano can be held individually liable under Title VII. [Pl.'s Br. p. 5.] However, all of these cases were decided *before* the Third Circuit declared, unequivocally, that "Congress did not intend to hold individual employees liable under Title VII." Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996).

Moreover, Defendant Misitano's role as the Owner, President, and/or CEO of Defendant Post Acute does not change the fact that he is an *individual*, not an "employer" and, as such, cannot be held liable under Title VII as a matter of law. For example, in Sheridan, the Third Circuit "relied heavily on the Ninth Circuit's reasoning in Miller [v. Maxwell's Int'l Inc., 991 F.2d 583 (9th Cir. 1993)], where the CEO of the defendant company … w[as] deemed not to be subjected to individual liability under the ADEA or Title VII." McDowell v. Axsys Technologies Corp., No. 03-2488, 2005 WL 1229863, at *6 (D.N.J. May 24, 2005); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d. Cir. 2002) (holding that individual employees, including the defendant's President and Vice President,

were not liable under Title VII pursuant to Sheridan); Owens-Presley v. MCD Pizza, Inc., No. 14-6002, 2015 WL 569167, at *2 (E.D. Pa. Feb. 10, 2015) ("Numerous courts in the Third Circuit have applied Sheridan to cases in which the individual defendant is the owner of the employer at issue in the litigation.") (gathering cases).

### B. Plaintiff Failed to Plead Sufficient Facts To Support a Claim for IIED.

Plaintiff's cites three (3) cases to support her IIED claim, but none of them actually do. [Pl.'s Br. pp. 6-9.] First, she points to Venturi v. Krenitsky, No. 08-236, 2008 WL 3471519 (M.D. Pa. Aug. 8, 2008) (Munley, J.).[1] In Venturi, Judge Munley found the alleged behavior to be "sufficiently outrageous," and allowed the plaintiff's IIED claim to survive the defendants' motion to dismiss. Venturi, 2008 WL 3471519, at *3. Specifically, Judge Munley reasoned as follows:

> For the Chief of Police—the head of law enforcement in the Borough—repeatedly to use the Police Department's communications system to broadcast messages about the sexual availability and desirability of the plaintiff to the entire department is to engage in behavior beyond all bounds of human decency and utterly intolerable in a civilized community.

Id.

The Venturi decision is inapposite to the matter currently under review for several reasons. First, it was decided under a more generous, pre-Twombly/Iqbal

---

[1] Counsel for Plaintiff in this case also served as plaintiff's counsel in Venturi.

- 2 -

standard of review.  See id. at *2.  Second, the parties never raised, and the Court never mentioned or considered, the issue of preemption under the PWCA.[2]  Third, and perhaps most importantly, the well-pleaded facts that are alleged by Plaintiff in this case are worlds apart from the type of misconduct that was alleged in Venturi.

Indeed, Plaintiff's allegations are not even as severe as those considered by the Pennsylvania Supreme Court in Hoy v. Angelone, 720 A.2d 745 (Pa. 1998)— the second case cited by Plaintiff—in which the Court affirmed the dismissal of the plaintiff's IIED claim, which was premised on allegations of sexual harassment that "included sexual propositions, physical contact with the back of [plaintiff]'s knee, the telling of off-color jokes and the use of profanity on a regular basis, as well as the position of a sexually suggestive picture."  Hoy, 720 A.2d at 754-55.  The Court, in affirming the dismissal of the IIED claim, explained its reasoning as follows: "the conduct exhibited by [the defendants], while unacceptable, was not so extremely outrageous [to] allow for recovery under this most limited of torts."  Id. at 755.  The same reasoning applies here with equal force.[3]

---

[2] The defendants' motion to dismiss in the Venturi case, Dkt. No. 5 of Case 3:08-cv-00236-JMM, did not seek dismissal of the plaintiff's IIED or NIED claims on the basis of PWCA preemption.

[3] Notably, in dismissing the IIED claim, the Court found it extremely significant that there "[wa]s absolutely no evidence that [the defendants] retaliated against [the plaintiff]."  Hoy, 720 A.2d at 755.  This very topic, i.e. the absence of retaliation "based on rejection of sexual advances or propositions," was previously addressed by Defendants in their first Brief.  [See Defs.' Br. (Dkt. No. 10) pp. 9-10.]

The third case cited by Plaintiff, Barb v. Miles, Inc., 861 F. Supp. 356 (W.D. Pa. 1994), also does not support her position.  In Barb the court acknowledged that district courts within the Third Circuit "have allowed plaintiffs to maintain a claim for [IIED] against their employers, when a plaintiff has alleged sexual harassment in the work place."  Barb, 861 F. Supp. at 360 (citing cases).  That decision was issued in 1994.  Five (5) years later, the Third Circuit weighed in on this very issue by noting that: "Cases interpreting Pennsylvania law are split on the propriety of allowing IIED claims for sexual harassment on the job."  Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3d Cir. 1999).  The Durham Court went on to state: "Sexual harassment is a well-recognized workplace problem, the kind of thing employers must be prepared to combat.  Because it is like other workplace hazards, we suspect that Pennsylvania would find IIED claims based on this kind of harassment to be preempted [by the PWCA]."  Id. at 160 n.16.  Plaintiff's reliance on the Barb decision, therefore, disregards prevailing Third Circuit case law on this issue.

Lastly, Plaintiff points to an article from the Rhoads & Sinon website that discusses Brooks v. Mendoza, No. 00-5045, 2002 WL 467157, (E.D. Pa. Mar. 26, 2002), an unpublished decision holding that the PWCA personal animus exception applied where the offending supervisor: "taunt[ed] plaintiff with a vibrating object in his pants, pursu[ed] plaintiff around the restaurant despite her protests, and

utter[ed] obscene remarks to plaintiff." Brooks, 2002 WL 467157, at *4.  It should be noted, however, that at least one subsequent, reported case from the Eastern District has expressly acknowledged that Brooks is an outlier decision on the issue of IIED liability—because it (like Plaintiff's case) lacked the requisite showing of retaliation based on rejection of sexual advances or propositions.  See Rorrer v. Cleveland Steel Container, 712 F. Supp. 2d 422, 439 (E.D. Pa. 2010) ("We note that nearly all of the cases … involve harassment followed by retaliation.  In the one case that did not involve retaliation, Brooks v. Mendoza, … Plaintiff, a hostess at Denny's, alleged that the General Manager chased her around the restaurant with a vibrator near his genitalia, making noises, singing, and telling her she could not check out.  … .  These facts are distinguishable from the facts before us … .  We, therefore, find that Plaintiffs have not provided sufficient facts to support a claim for [IIED].").

In short, the case law cited by Plaintiff does nothing to bolster her claim for IIED, nor does it undermine arguments raised by Defendants in their first Brief. Dismissal of Plaintiff's IIED claim as a matter of law is, therefore, warranted.

**C.    Plaintiff's NIED Claim Is Barred by the PWCA.**

To support the ongoing viability of her NIED claim, Plaintiff (once again) relies on Judge Munley's decision in Venturi, 2008 WL 3471519, at *3.  As noted *supra*, however, the issue of PWCA preemption was not argued by the parties, nor

was it mentioned or considered by Judge Munley when issuing his opinion. When the topic *is* considered, courts (including this Court) have dismissed NIED claims that are premised on workplace discrimination or harassment. E.g., Galazniak v. Millville Health Ctr., No. 11-1719, 2012 WL 140220, *2 n.3 (M.D. Pa. Jan. 18, 2012) (Kane, J.) ("The Court further notes that while the personal animus exception has been applied in some limited circumstances in cases of [IIED], it does not apply to cases of [NIED]."); Brooks, 2002 WL 467157, at *4 ("[U]nlike plaintiff's [IIED] claims, the personal animus exception does not except [NIED] claims from the bar of the [PWCA].").

### D. Plaintiff's Complaint Fails to Allege Individual Liability against Defendant Misitano under the PHRA.

The only basis for individual liability under the PHRA arises under Section 5(e). See 43 P.S. § 955(e). Plaintiff's Complaint, however, alleges a violation of Section 5(a), which is only applicable to employers, not individuals. [Compl. (Dkt. No. 1) ¶ 83.] As such, the Complaint fails assert the requisite basis for individual liability.

**[CONCLUSION AND SIGNATURE BLOCK FOLLOW]**

## III. CONCLUSION

For the forgoing reasons, and for the reasons set forth in Defendants' first Brief, the legally baseless claims in Plaintiff's Complaint should be dismissed. To that end, Defendants respectfully request that Plaintiff's IIED and NIED claims be dismissed in their entirety, and that Defendant Misitano be dismissed from this case in his capacity as an individual defendant.

Respectfully submitted,

RHOADS & SINON LLP

By: /s/ *John Martin*
John R. Martin, Esq.
Attorney I.D. No. 204125 (PA)
Lindsey E. Snavely, Esq.
Attorney I.D. No. 308145 (PA)

Rhoads & Sinon LLP
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA  17108-1146

(717) 233-5731 (phone)
(717) 238-8622 (fax)
jmartin@rhoads-sinon.com
lsnavely@rhoads-sinon.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2016, a true and correct copy of the foregoing document was served electronically on the following:

Bruce J. Phillips, Esq.
Joseph J. Mashinki, Esq.
Caverly, Shea, Phillips & Rodgers, LLC
15 Public Square, Suite 210
Wilkes-Barre, PA  18701
*Attorneys for Plaintiff*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ *John R. Martin*