**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARAH HARPER, | : | |
|     Plaintiff | : | No. 1:15-cv-2205 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| ANTHONY MISITANO, <u>et al.</u>, | : | |
|     Defendants | : | |

**MEMORANDUM**

Before this Court is Defendants Anthony Misitano and Post Acute Medical, LLC's motion to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 9.) For the reasons set forth below, the Court will grant the motion and partially dismiss the complaint.

**I.     BACKGROUND**

This suit arises out of allegations that Defendant Anthony Misitano sexually harassed Plaintiff Sarah Harper at the workplace. (Doc. No. 1 ¶¶ 8-9, 35.) Between November 21, 2012 and March 24, 2014, Plaintiff worked at Post Acute Medical, LLC ("PAM") as an Executive Assistant/Office Coordinator under the supervision of Anthony Misitano, owner and President/Chief Executive Officer of PAM. (Id. ¶ 6.) During this time, Misitano allegedly harassed Plaintiff by hugging, touching, smelling, using suggestive language, and attempting to hand-feed Plaintiff. (Id. ¶¶ 7, 10-13, 16-19, 27.) These acts occurred repeatedly between January 1, 2013 and March 24, 2014, the date Plaintiff resigned.[1] (Id. ¶¶ 33, 43-44.)

On November 18, 2015, Plaintiff filed a complaint against Defendants PAM and Anthony Misitano. (Doc. No. 1.) The complaint brings claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and a violation of Section 5(a) of the

---

[1] The complaint also alleges harassment that took place after Plaintiff was purportedly forced to resign. (Doc. No. 1 ¶¶ 26, 28.)

1

Pennsylvania Human Relations Act, 43 Pa. Stat. § 955(a).  (Doc. No. 1.)  Plaintiff also alleges one count of sexual harassment, premised on a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").  (See id. ¶¶ 4, 37, 39-41, 52.)  On January 19, 2016, Defendants filed a motion to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 9.)  The motion has been briefed and is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal.  See Fowler v. UPMC Shadyside, 578 F.3d

203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III. DISCUSSION

Defendants move the Court to dismiss: (1) the Title VII sexual harassment count against Defendant Misitano (Count I); (2) the count of intentional infliction of emotional distress (Count II); (3) the count of negligent infliction of emotional distress (Count III); and (4) the count alleging a violation of Section 5(a) of the Pennsylvania Human Relations Act (Count IV). (Doc. No. 9.) The Court addresses Defendants' arguments in turn.

### A. Individual liability under Title VII

First, Defendants move the Court to dismiss Plaintiff's Title VII claim against Defendant Anthony Misitano because Title VII does not provide a basis for individual liability. (Doc. No. 10 at 3.) Plaintiff responds that Defendant Misitano is individually liable under Title VII because Misitano owned PAM, directed the operations of PAM as President/CEO, and directly supervised Plaintiff. (Doc. No. 11 at 10-11.)

In Sheridan v. E.I. DuPont de Nemours & Co., the Third Circuit held that "Congress did not intend to hold individual employees liable under Title VII." 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc). The Third Circuit has since reiterated that "claims against individual

3

supervisors are not permitted under Title VII." E.g., Cardenas v. Massey, 269 F.3d 251, 268 (3d Cir. 2001); see also Amentler v. 69 Main St., LLC, No. 08-351, 2012 WL 28194, at *9 (D.N.J. Jan. 3, 2012) ("Individual employees, even individual employees who are part-owners, cannot be held liable under Title VII.").

Here, Count I alleges a sexual harassment claim based on Title VII against both Defendant Post Acute Medical, LLC and Defendant Anthony Misitano, Plaintiff's supervisor. (Doc. No. 1 ¶¶ 8, 41.) Accordingly, the Court will dismiss with prejudice Defendant Anthony Misitano from Count I because supervisors are not individually liable under Title VII.[2] Sheridan, 100 F.3d at 1078.

### B. Intentional infliction of emotional distress

Second, Defendants urge the Court to dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim on the basis that Plaintiff has failed to adequately allege IIED under Pennsylvania law. (Doc. No. 10 at 10-12.) Defendants also contend that the Pennsylvania Workers' Compensation Act, 77 Pa. Stat. C.S. § 1, et seq., bars Plaintiff's IIED claim against Defendant PAM. (Id. at 8-11.) The Court begins by addressing whether Plaintiff has adequately alleged a claim for intentional infliction of emotional distress under Pennsylvania law.

The Pennsylvania Supreme Court has described intentional infliction of emotional distress as a "most limited" tort. Hoy v. Angelone, 720 A.2d 745, 755 (Pa. 1998). An IIED claim requires the following elements: "(1) the conduct must be extreme and outrageous, (2) the conduct must be intentional or reckless, (3) the conduct must cause emotional distress, and (4) the emotional distress must be severe." M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 43 F. Supp. 3d 412, 430 (M.D. Pa. 2014) (citing Hoy v. Angelone, 691 A.2d 476, 482 (Pa. 1997)).

---

[2] The Court will dismiss with prejudice Plaintiff's Title VII claim, raised in Count I of the complaint because an amendment of the claim would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The relevant conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Hoy, 720 A.2d at 754 (internal citations omitted). "[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." Andrews v. City of Philadelphia, 895 F.2d 1469, 1487 (3d Cir. 1990).

In fact, within the employment context, Pennsylvania courts have found conduct sufficiently outrageous "where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (emphasis added); Hoy, 720 A.2d at 153 (considering retaliation a "weighty factor"); see Lee v. Comhar Inc., 244 F. App'x 464, 467 (3d Cir. 2007). "The extra factor that is generally required is retaliation for turning down sexual propositions." Andrews, 895 F.2d at 1487.

For example, in Hoy v. Angelone, the Supreme Court of Pennsylvania concluded that workplace harassment involving sexual propositions, physical contact, frequent profanity, and "posting of a sexually suggestive picture" was not sufficiently outrageous to support an IIED claim. Hoy, 720 A.2d at 754-55. In that case, the court reasoned that, while "sexual harassment is highly offensive and unacceptable conduct, the conduct exhibited … was not so extremely outrageous … that would allow for recovery under this most limited of torts." Id. at 755. The Supreme Court of Pennsylvania noted that, absent retaliatory conduct, only "the rare case in which a victim of sexual harassment is subjected to blatantly abhorrent conduct" would "allow recovery for the intentional infliction of emotional distress." Id.

Here, Plaintiff's complaint alleges various instances of sexual harassment, acts which were "physical, verbal, and written in nature." (Doc. No. 1 ¶ 10.) However, as to allegations of retaliatory behavior, the complaint only avers that Defendant "Misitano threatened to demote Plaintiff and repeatedly told Plaintiff how stupid it was to complain to Human Resources" at some point after Plaintiff spoke on December 8, 2013 with human resources.[3] (See id. ¶¶ 29, 31.) The conduct alleged in Plaintiff's complaint, even regarded in the light most favorable to Plaintiff, does not rise to the requisite level of "outrageousness" – "only the most clearly desperate and ultra extreme conduct" – to support an IIED claim under Pennsylvania law. See, e.g., Hoy, 720 A.2d at 754-55; Mandel v. M & Q Packaging Corp., No. 09-0042, 2009 WL 2579308, at *6 (M.D. Pa. Aug. 18, 2009) (collecting cases). Therefore, the Court will dismiss without prejudice Count II of the complaint and grant Plaintiff leave to amend.[4]

### C. Negligent infliction of emotional distress

Third, Defendants argues that the Pennsylvania Workers' Compensation Act ("PWCA"), 77 Pa. Stat. C.S. § 1, et seq., bars Plaintiff's negligent infliction of emotional distress claim. (Doc. No. 10 at 12-13.) The Court agrees.

The PWCA preempts IIED and negligent infliction of emotional distress claims that "arise out of an employment relationship." See Ahmed v. Lowe's Home Centers, Inc., 346 F. App'x 816, 821 (3d Cir. 2009) (citing Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997)). The narrow exception to this general rule, the "personal animus

---

[3] Plaintiff also alleges that "on January 29, 2014, [Defendant] Misitano terminated Plaintiff from her position of employment, only to reinstate her several hours later." (Doc. No. 1 ¶ 32.) Absent further context or allegations, the Court cannot reasonably draw the inference that the termination constitutes retaliatory conduct, let alone "retaliation for turning down sexual propositions." See Andrews, 895 F.2d at 1487.

[4] As to Defendants' alternative argument, that the Pennsylvania Workers' Compensation Act bars Plaintiff's IIED claim against Defendant PAM, the Court declines to address the argument having dismissed Count II in its entirety for failure to adequately allege IIED under Pennsylvania law. (Doc. No. 10 at 8-11.)

exception," id. (citing 77 P.S. § 411), applies only to IIED claims and not to "cases of negligent infliction of emotional distress." Galezniak v. Millville Health Ctr., No. 11-1719, 2012 WL 140220, at *2 n.3 (M.D. Pa. Jan. 18, 2012).

Here, because the complaint centers on allegations that occur within the workplace context (Doc. No. 1),[5] the Court will dismiss without prejudice Count III as the PWCA bars claims of negligent infliction of emotional distress that arise out of the employment relationship.

### D.  Individual liability under the Pennsylvania Human Relations Act

Finally, Defendants urge the Court to dismiss Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§951-963, against Defendant Anthony Misitano because the PHRA does not provide a basis for individual liability. (Doc. No. 10 at 14.) Plaintiff responds that Defendant Misitano qualifies as a "person" or "employee" under the PHRA and is "liable for aiding and abetting discriminatory practices." (Doc. No. 11 at 15-16) (citing 43 Pa. Stat. § 955(e)).

As a general rule, "[c]laims brought under the Pennsylvania Human Relations Act … [are] 'interpreted coextensively with Title VII claims.'" Faush v. Tuesday Morning, Inc., 808 F.3d 208, 213 (3d Cir. 2015). For example, Section 5(a) of the PHRA, codified at 43 Pa. Stat. § 955(a), provides that only "employers" may be held liable under that section's employment discrimination provision. Dici v. Com. of Pa., 91 F.3d 542, 552 (3d Cir. 1996) ("Like Title VII, the definition of an employer under the PHRA cannot be construed to include 'employees' …."). In contrast, Section 5(e) of the PHRA, codified at 43 Pa. Stat. § 955(e), does contemplate "individual liability for aiding and abetting employers' violations of the PHRA" by forbidding:

> (e) [A]ny person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by

---

[5] The Court dismisses Count III without prejudice in light of the harassment that allegedly occurred after Plaintiff was purportedly forced to resign. (Doc. No. 1 ¶¶ 26, 28.)

  this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Stat. Ann. § 955(e); see Snyder v. Pennsylvania, No. 09-1814, 2010 WL 4362440, at *7 (M.D. Pa. Oct. 27, 2010) (citing Dici, 91 F.3d at 553).

  Here, Plaintiff alleges that the "extreme and outrageous conduct of Misitano within the workplace and at Plaintiff's home … violated Section 5(a) of the Pennsylvania Human Relations Act." (Doc. No. 1 ¶ 83.) The complaint makes no reference to Section 5(e) of the PHRA or to aiding and abetting. (Id.) Accordingly, because Section 5(a) of the PHRA does not contemplate individual liability against a supervisor, the Court will dismiss Defendant Anthony Misitano without prejudice from Count IV and grant Plaintiff leave to amend.

**IV. CONCLUSION**

  For the reasons stated above, the Court will grant Defendants Anthony Misitano and Post Acute Medical, LLC's motion to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). An order consistent with this memorandum follows.